43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. BARNEY, Plaintiff-Appellant,
v.
The LINCOLN ELECTRIC COMPANY; Robert B. Reich, U.S.
Secretary of Labor; Lloyd Bentsen, U.S. Secretary
of the Treasury, Defendants-Appellees.
 No. 94-3611.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 James L. Barney, a pro se Ohio resident, appeals a district court order dismissing his civil complaint filed pursuant to 29 U.S.C. Sec. 1132(a) (ERISA). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Barney sued his former employer, Lincoln Electric Company, the Secretary of Labor, Robert Reich, and the Secretary of the Treasury, Lloyd Bentsen, contending that he was improperly denied his disability benefits. Barney also alleged that his due process rights were violated. Barney's due process claim was construed by the district court as being brought pursuant to 42 U.S.C. Sec. 1983. The parties filed cross motions for summary judgment. The district court granted summary judgment for the defendants finding that the complaint was without merit.
 
 
 3
 In his timely appeal, Barney's brief is construed as raising the same issues that he presented to the district court. He requests oral argument.
 
 
 4
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. As for the Secretaries of Labor and Treasury, Barney simply provided no explanation of how the two Secretaries were involved in either the termination of his disability benefits or his job. Therefore, the Secretaries of Labor and Treasury were properly dismissed as defendants.
 
 
 6
 Barney asserts that Lincoln violated his civil rights under 42 U.S.C. Sec. 1983. In order to state a claim under Sec. 1983, a plaintiff must allege that he was deprived of a right guaranteed by the United States Constitution or the laws of the United States and the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). To be subject to suit, the defendant's actions must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). There is simply no evidence that Lincoln, a corporate entity, was acting under color of state law. Therefore, Barney failed to state a claim under Sec. 1983.
 
 
 7
 As for Barney's ERISA claim, the evidence establishes that Lincoln's decision to terminate Barney's benefits was based on the prior determinations of two independent agencies. Further, Barney refused to comply with the terms of Lincoln's benefit plan by refusing Lincoln's request to undergo a physical examination. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held that a challenge to the denial of benefits under ERISA is reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits, or to construe the terms of the plan. If the plan grants the administrator discretion, the administrator's decision is granted more deference and review is under an arbitrary and capricious standard. See Wells v. United States Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1247-48 (6th Cir.1991); Callahan v. Rouge Steel Co., 941 F.2d 456, 458-59 (6th Cir.1991). Under the arbitrary and capricious standard of review, the court must affirm an employer's or insurer's decision if evidence in the record reflects any reasonable explanation for the decision. Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693-94 (6th Cir.1989), cert. denied, 495 U.S. 905 (1990). The undisputed facts establish that Lincoln's decision was not arbitrary and capricious. Barney's simple refusal to undergo the requested physical examination is sufficient under the plan to deny Barney benefits.
 
 
 8
 Barney also contends that Lincoln's decision violated 29 U.S.C. Sec. 1140 by constituting a retaliatory discharge. However, Barney has simply not established a prima facie case of retaliatory discharge. Humphreys v. Bellaire Corp., 966 F.2d 1037, 1043 (6th Cir.1992).
 
 
 9
 Finally, Barney argues that Lincoln violated numerous Ohio laws and provisions of the Ohio Constitution. As Barney has not established a federal claim, his pendant state court claims are unreviewable. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 10
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.